IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DANIEL WALTER BARFIELD, | § § | |
| Petitioner | § § | |
| V. | § § | No. 3:13-CV-2737-M |
| WILLIAM STEPHENS, Director | § | (Consolidated With: |
| Texas Department of Criminal Justice | § | No. 3:13-CV-2739-M |
| Correctional Institutions Division, | § § | No. 3:13-CV-2740-M No. 3:13-CV-2742-M) |
| Respondent. | § | |

**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE, AND DENYING A CERTIFICATE OF APPEALABILITY**

The United States Magistrate Judge made findings, conclusions, and a recommendation in these consolidated cases. An objection was filed by Petitioner. The District Court reviewed *de novo* those portions of the proposed findings, conclusions, and recommendation to which objection was made, and reviewed the remaining proposed findings, conclusions, and recommendation for plain error. Finding no error, the Court ACCEPTS the Findings, Conclusions, and Recommendation of the United States Magistrate Judge.

Petitioner objects to the magistrate judge's finding that his trial counsel was not ineffective at sentencing for failing to present certain mitigation evidence – an alleged confession letter from co-defendant William Walters, DNA evidence, photos of Petitioner's injuries, and Petitioner's medical history. *See* Dkt. No. 27 at 13-15. The magistrate judge specifically addressed the first three pieces of evidence in his Findings, Conclusions, and Recommendation ("FCR") and found that the state court's

application of *Strickland* as to counsel's decision not to use this evidence – finding no deficient performance and no prejudice – was reasonable. *See* Dkt. No. 22 at 18. Although the magistrate judge mentions Petitioner's medical history of seizures in the FCR, there is not a specific finding that the state court's consideration of counsel's failure to raise Petitioner's medical history as mitigation evidence at sentencing was reasonable. But, as mentioned in the state habeas court's findings, Petitioner's trial counsel testified at the state evidentiary hearing that he had no recollection of Petitioner mentioning a seizure disorder. *See* Dkt. No. 8-11 at 154, ¶ 12. The magistrate judge's failure to explicitly address the medical history evidence in the FCR does not alter the outcome. In fact, counsel's testimony and the state court's finding only confirm that Petitioner is not entitled to Section 2254 relief against the stringent standard he faces and where, with the enhancement, Petitioner was facing 25-99 years or life in all four cases and he only received concurrent 30-year sentences.

Considering the record in these consolidated cases and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the Court DENIES a certificate of appealability. The Court adopts and incorporates by reference the Magistrate Judge's Findings, Conclusions, and Recommendation filed in this case in support of its finding that the Petitioner has failed to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct

in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).[1]

In the event the Petitioner will file a notice of appeal, the Court notes that:

( )   the Petitioner will proceed *in forma pauperis* on appeal.

( X )   the Petitioner will need to pay the $505.00 appellate filing fee or submit a motion to proceed *in forma pauperis.*


SO ORDERED this 27 day of February, 2015.

_____
BARBARA M.G. LYNN
UNITED STATES DISTRICT JUDGE

---

[1] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases, as amended effective on December 1, 2009, reads as follows:

(a) Certificate of Appealability. The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

(b) Time to Appeal. Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.